■ In the Matter of CATHERINE COADY, Petitioner, v. LLOYD CASE, as Director of the Suffolk County Department of Fire Safety, Respondent.— Proceeding pursuant to article 78 of the CPLR to review and annul a determination of respondent, made October 20, 1965 after a hearing, which dismissed petitioner from her position as stenographer in the Suffolk County Department of Fire Safety. Determination modified, on the law and in the exercise of discretion, by striking out the penalty of dismissal and by substituting therefor the penalty of suspension for the period commencing as of October 20, 1965 and ending on May 10, 1968. As so modified, determination confirmed, without costs. Under all the circumstances, we find that the penalty of dismissal imposed by the Director of the Suffolk County Department of Fire Safety was excessive and an abuse of discretion. During the employment of petitioner as a stenographer by the Director of the Suffolk County Department of Fire Safety, in a small office, there was a continuous clash of personalities between petitioner and her supervisor. Because of this incompatibility, we would suggest the advisability of a transfer of petitioner, if possible. Christ, Benjamin, Munder and Martuscello, JJ., concur; Beldock, P. J., dissents and votes to confirm the determination and to dismiss the proceeding, with the following memorandum: Respondent has found petitioner guilty of numerous charges of dereliction of duty, insubordination, incompetency and violations of orders within the scope of her duty, and these findings have been confirmed by the majority of this court. The sole issue concerns the measure of punishment to be imposed for such misconduct. Respondent has the responsibility of maintaining a good, efficient office staff and it has determined that to continue petitioner in its employ would not be conducive to sound departmental operations. In my opinion, such determination cannot be found to be arbitrary, capricious or unreasonable. Accordingly, respondent's action in dismissing petitioner from her position as stenographer should be sustained.

■ In the Matter of ANNE MONTAGNINO, Respondent, v. ST. JOHN'S CEMETERY, Respondent, and CATHERINE MONTAGNINO, Appellant.— Appeals from an order of the Supreme Court, Queens County, dated January 24, 1968, and, as limited by appelant's brief, from so much of an order of said court dated February 27, 1968, as, upon reargument, adhered to the original determination. Order of February 27, 1968, reversed insofar as appealed from, on the law, without costs, and proceeding remitted to the Supreme Court, Queens County, for further proceedings not inconsistent herewith. No questions of fact were considered on this appeal. Appeal from order of January 24, 1968 dismissed, without costs, as that order was superseded by the order of February 27, 1968, which granted reargument (*Alpert v. Alpert*, 20 A D 2d 560). In our opinion, issues were raised which we believe require a hearing; and we are therefore remitting this proceeding to the learned Special Term for that purpose. We express no opinion on the merits. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.